UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 1:12-cr-211-02 SEB-MJD |
| vs. | ) | |
| | ) | |
| JASPER EVINS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER TO SHOW CAUSE**

This cause was set for a sentencing hearing on January 17, 2014. [Dkt. No. 75.] Because the Court's scheduling order was issued on November 27, 2013, the parties had a full 51 days advance notice.

On either Monday, January 13 or Tuesday, January 14, 2014, a woman representing herself to be an employee of Defendant's privately retained attorney, Marlon Blake Evans, called the undersigned judge's Courtroom Deputy to inquire about the "procedure" for obtaining a continuance of the January 17, 2014 sentencing hearing. The Courtroom Deputy advised the woman that if Attorney Evans wished to continue the hearing, he would need to file a written motion. Over the course of the next few days, the Courtroom Deputy reportedly checked the docket for Attorney Evans's motion to continue, but none was filed.

On Thursday, January 16, 2014, the day before the scheduled hearing, a paralegal in the U.S. Attorney's Office contacted the undersigned judge's Courtroom Deputy inquiring whether the January 17, 2014 hearing was still on the Court's calendar. The paralegal explained that Attorney Evans had informed the Government that he was going to seek a continuance. The Courtroom

Deputy informed the paralegal that no motion to continue had been filed and that the hearing remained on the Court's calendar.

On January 17, 2014, most of the persons necessary to proceed with the sentencing hearing appeared in court, including: (1) AUSA, Melanie Conour; (2) DEA Special Agent, Kevin Steele: (3) United States Probation Officer, Holly Barrineau; (4) United States Probation Officer, James Thomas; (5) Court Reporter, Laura Howie-Walters; (6) Courtroom Deputy, Pam Schneeman; (7) United States Deputy Marshal, Lataria Cheatham; (8) United States Deputy Marshal, William Kaulfers; and (9) Defendant, Jasper Evins -- who, notably, had been transported to Indianapolis from his place of detention in Henderson, Kentucky for the hearing. The undersigned judge was also present and ready to take the bench. One very important person, however, did not appear in court -- Attorney Evans.

Instead of appearing in person, and without any prior notice to the Court, Attorney Evans, whose office is located in Detroit, Michigan, dispatched local attorney, Kenneth T. Roberts, to handle the hearing. Attorney Roberts did not enter his appearance on behalf of Defendant until January 17, 2014 at 11:19 a.m. (a mere 2.5 hours before the hearing was to begin), and the Court did not become aware of Attorney Roberts's appearance until 2:00 p.m. (the precise time the hearing was to start) when Attorney Roberts appeared in court. When the undersigned judge learned that Attorney Evans was not present, she called the attorneys into her chambers for an off-the-record conversation.

In chambers, Attorney Roberts explained that Attorney Evans had contacted him to handle the hearing on Thursday, January 16, 2014, (i.e., the day before) at approximately 11:30 p.m. (i.e., just before midnight). Attorney Roberts explained that he had met with Defendant earlier that day (i.e., Friday, January 17, 2014) and that he had reviewed both the Plea Agreement and Presentence

Report ("PSR") with Defendant. Attorney Roberts added that Defendant understood both documents and had "no corrections." See also Defendant's Notice to the Court at Dkt. No. 80 (Defendant's verification in writing that he had "no corrections.") At that point, the Court decided not to proceed with the hearing.

Attorney Roberts's representation to the Court that Defendant had "no corrections" to either the Plea Agreement or the PSR did little to assure the Court that either Attorney Roberts or Defendant were prepared to go forward. It was apparent to the Court that Attorney Roberts, who was recruited to stand-in for Attorney Evans at the proverbial (and literal) "eleventh hour," was unfamiliar with both Defendant and Defendant's case. He did not negotiate Defendant's plea agreement. He had not reviewed any of the Government's evidence, and he had only met Defendant for the first time that same morning. The Court lacked confidence that Defendant had an adequate opportunity to read and discuss his PSR with counsel as required by Fed. R. Crim. P. 32.[1] Further, it was clear to the Court that Attorney Roberts (through no fault of his own) was unprepared to adequately represent Defendant at the hearing and could not, in good faith, argue why the bargained-for sentence in the parties' Plea Agreement was reasonable under 18 U.S.C. § 3553(a).

## A. CONTEMPT

Because Attorney Evans had contacted the undersigned judge's Courtroom Deputy earlier in the week to inquire about the "procedure" for obtaining a continuance, and because the Government apparently had been expecting him file a motion to continue, it is clear that Attorney Evans knew at least as early as Monday, January 13 or Tuesday, January 14, 2014, that he did not

---

[1] The Court has subsequently learned that, according to the U.S. Marshal's Visitor's Log, Attorney Roberts spent a *mere thirty minutes* with Defendant on January 17, 2014, from 11:32 a.m. to 12:02 p.m.

intend to appear for the hearing scheduled on January 17, 2014. His failure to appear does not, therefore, appear to be the result of a sudden or unexpected emergency.

Further, Attorney Evans knew or should have known that it would be difficult, if not impossible, for another attorney to be sufficiently prepared on such short notice to properly represent Defendant at the hearing. He knew or should have known that sending an unprepared attorney in his stead not only posed a risk of prejudice to his client, but also imposed an unreasonable burden on the Court to make a fair sentencing decision in the absence of an adequately prepared defense counsel. And, he knew or should have known that his failure to appear would impose a burden and expense on the more than ten (10) other people who arranged their schedules to appear for the hearing, including the persons previously identified.

Under these circumstances, the Court finds that Attorney Evans is in contempt of court based on his knowing and wilful failure to appear at Defendant's sentencing hearing and his choosing instead, at the last minute, to send another attorney in his place without prior notice to the Court (or likely even to his client), knowing that the stand-in attorney would not be adequately prepared to participate meaningfully in the hearing.

### B. SANCTIONS

"Judges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding." S.E.C. v. First Choice Management Services, Inc., 678 F.3d 538, 543 (7th Cir. 2012). In a situation involving civil (as opposed to criminal) contempt, the sanction is usually a fine, an award of attorneys' fees, or some other monetary extraction in order to compensate for the harm done. Id.; see also, United States of America v. Dowell, 257 F.3d 694, 699 (7th Cir. 2001) ("A monetary penalty for a wrong committed in federal court is civil in nature, if the payment is designed to

compensate for harm done.") A district court's civil contempt ruling will not be reversed on appeal, unless it is an abuse of discretion. Dowell, 257 F.3d at 698.

Attorney Marlon Blake Evans, is hereby **ORDERED** to show cause why the finding of contempt of court should not stand and why he should not face sanctions for his failure to appear at the January 17, 2014, sentencing hearing. Although the Court (unfortunately) cannot order Attorney Evans to compensate the Government's attorney, the undersigned judge, and the Court's attaches for the valuable time wasted on this matter that day, Attorney Evans shall have through and including Friday, February 7, 2014 to explain why he should not be ordered to pay as a sanction for his contempt: (1) the Henderson County Detention Center's invoice in amount of $790.48 for the transport of Defendant to the Indianapolis courthouse (Exhibit A hereto); and (2) DEA Special Agent Kevin Steele's time and travel in the amount of $110.00 (Exhibit B hereto) for a total of $900.48.

IT IS SO ORDERED.

Date: 01/27/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record via ECF.